# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **REDSTONE LOGICS LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | NO.   **MO:26-CV-00221** |
| | § | |
| | § | |
| **QUALCOMM INC.,** | § | |
| **QUALCOMM TECHNOLOGIES, INC.,** | § | |
| *Defendants.* | § | |

## ORDER

On this day the Court considered the above-styled and numbered cause. The Court previously stayed this action pending ex parte reexamination of the sole asserted patent, U.S. Patent No. 8,549,339 (the "'339 Patent") See Doc. 14.

In light of the stay, and for administrative purposes only, the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.[1] This administrative closure is not a dismissal or final adjudication and does not affect the stayed status of this action.

All provisions of the Court's prior stay order remain in full force and effect, including the requirements that the parties request the stay be lifted and shall answer or otherwise respond to the Complaint in this case no later than 30 days after this stay is lifted.

It is so **ORDERED**.

**SIGNED** this 17th day of July, 2026.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[1] *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stay (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay. . . .")